ELLIS, Judge.
The East Baton Rouge Parish Council adopted resolutions on January 10, 1979, and September 26, 1979, by virtue of which they waived certain zoning restrictions on two parcels of ground in Plaza 12 Garden Homes Subdivision. This suit was brought seeking, inter alia, a declaratory judgment declaring “that the East Baton Rouge Parish Council is without authority to grant or to consider and vote upon such waivers or suspensions of or special exemptions or exceptions from the Zoning Ordinance or Subdivision Ordinances and Regulations of East Baton Rouge Parish; and, that all such waivers granted on the subject property (i. e., the Plaza 12 Garden Homes Subdivision) are null and void and without effect.” Mr. Sholar brought the suit as a citizen, a registered voter and the owner of a parcel of ground adjacent to Plaza 12 Subdivision.
On January 23, 1980, the Council rescinded the resolutions of January 10 and September 26, 1979. Thereafter all defendants moved that the matter be dismissed as moot. After a hearing, the Court found that there no longer existed a justiciable controversy, and dismissed the suit. From the judgment of dismissal, plaintiff has appealed.
In Abbott v. Parker, 259 La. 279, 249 So.2d 908 (1971), the court said:
“A ‘justiciable controversy’ connotes, in the present sense, an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interests, and upon which the judgment of the court may effectively operate through a decree of conclusive character. Further, the plaintiff should have a legally protectable and tangible interest at stake, and the dispute presented should be of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.”
In In re Gulf Oxygen Welder’s Sup. Prof. Shar. P. & T. A., 297 So.2d 663 (La.1974), the court stated that a justiciable controversy existed when there was “a true interest of the plaintiff (i. e., ‘standing’) and the defendant in having the issue resolved, as well as an adversity of interest between them.”
Despite the rescission of the resolutions directly affecting his property, plaintiff still contends that there remains a justiciable controversy between him and the defendants. We cannot agree. We are asked to make an abstract declaration relative to the authority of the Council to grant waivers, when no such waiver is complained of in the suit, and when no status or right of any party will be immediately affected by our ruling. This would amount to an advisory opinion, which we are not permitted to render.
The judgment appealed from is therefore affirmed at plaintiff’s cost.
AFFIRMED.